(No. 3770—

CITY OF KANKAKEE, A MUNICIPAL CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

VICTOR N. GARDOSI, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

Prior to the year 1939, the City of Kankakee, Illinois, constructed a sewage treatment plant and outlet sewer for the treatment of the sewage of the City of Kankakee. The untreated sewage of the Kankakee State Hospital was collected by, and flowed through the outlet sewer so constructed, and the sewage was then treated by this plant. The Department of Public Welfare of the State of Illinois, prior to 1939, had been authorized to, and had entered into an agreement with the City of Kankakee, for the treatment of the Kankakee State Hospital, for its share of costs of operation and maintenance of the treatment plant and sewerage works, and the cost of construction of the sewage treatment plant and the sewers was shared by the City of Kankakee and the Department of Public Welfare.

In 1939 certain additional work was needed at an estimated cost of $22,000.00. By Act of the General Assembly (Senate Bill No. 520, filed July 25, 1939) the Department of Public Welfare was authorized and directed to enter into an agreement and contract with the City of Kankakee for the payment of a part of the cost of construction of such addi-

tional work and equipment, the share to be paid by the Department of Public Welfare to the City of Kankakee not to exceed the sum of $9,100.00. By the same Act, the sum of $9,100.00, or so much thereof as might be necessary, was appropriated to the Department of Public Welfare for the purpose of paying the State's share for such additional work, as follows:

"For the State's share of the construction of automatic screening plant and superstructure for hospital and south side sewage (at West Kankakee Diversion Chamber).........................................$5,475.00.

"For the State's share of the construction of roadway surfacing (6,000 square yards); work shop, garage and storeroom building; concrete sidewalks, curbs, and gutters at plant; continuation of drainage and landscape program; apparatus and materials for experiments on chemical precipitation; miscellaneous automatic gates, flood control gates and river water distribution lanes .........................................................$3,625.00."

The entire first portion of this appropriation, and $464.73 of the second portion, was unexpended when the appropriation lapsed.

Pursuant to this Act of the General Assembly, the State of Illinois, by its Department of Public Welfare, entered into a contract with the City of Kankakee, Illinois, on November 10, 1939. By the terms of this contract, the State agreed to pay the City of Kankakee 73% of the total cost of the construction of an automatic screening plant and superstructure for the Kankakee State Hospital and south side sewage, the State's share not to exceed the amount of the first item of the appropriation, or $5,475.00. The State also agreed to pay one-fourth of the total cost of other additional work as itemized in the appropriation, the State's share not to exceed the amount of the second item of the appropriation, or $3,625.00. The City of Kankakee agreed to pay the percentage difference between the cost and the State's share, and to proceed with the needed improvements.

The City of Kankakee performed the contract in accordance with its terms, and the work as completed was approved by the Department of Public Welfare. The Department, however, failed to pay the City of Kankakee the moneys due under the terms of the contract, because the claim of the City of Kankakee was not received by the Department until after the appropriations under the Act had lapsed.

The Department of Public Welfare, after making an audit on March 30th and 31st, 1942, found the amount due the

City of Kankakee to be $3,284.97. Of this sum, $3,184.98 is due for the State's share of the construction of the automatic screening plant and superstructure, and $99.99 is due for the State's share of the remaining work. Both items are therefore clearly within the respective items of the lapsed appropriation.

Claimant has performed services for the respondent in accordance with a contract duly authorized by the General Assembly; claimant submitted its statement of costs and charges to the respondent within a reasonable time and has not received payment; such non-payment is due to no fault on the part of the claimant; when the charge was incurred there remained a sufficient unexpended balance in the appropriations from which payment could have been made. Claimant is therefore entitled to an award. (*Rock Island Sand and Gravel Company* vs. *State of Illinois*, 8 C. C. R. 165; *Elgin, Joliet and Eastern Railway Company* vs. *State of Illinois*, 10 C. C. R. 243.)

An award is therefore made in favor of the claimant in the sum of $3,284.97.